UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN MCGURN,

*Plaintiff,*

v.

TRILLER GROUP INC. and
WING-FAI NG,

*Defendants.*

Civ. Action No.: 25-cv-5526 (PAE)

---

### ORDER GRANTING PLAINTIFF KEVIN MCGURN'S
### MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST DEFENDANTS TRILLER GROUP, INC. AND WING-FAI NG

This matter having been commenced on July 3, 2025, by the filing of a Summons and Complaint, the Court finds as follows:

1.    Defendant Triller Group Inc. ("Defendant Triller") was served via Robin Hutt-Banks, Managing Agent of The Corporation Trust Company, the Delaware registered agent authorized to accept service on behalf of Defendant Triller, on July 22, 2025.

2.    Defendant Triller's Answer to the Complaint, or other responsive pleading, was due on or before August 12, 2025.

3.    Defendant Triller failed to Answer or otherwise respond to the Complaint.

4.    Plaintiff requested a Certificate of Default from the Clerk of this Court on September 2, 2025, which was issued that same day. ECF Nos. 23–25.

5.     Upon letter-motion by Plaintiff, this Court deemed service on Defendant Triller effective on October 1, 2025, and granted Defendant Triller until October 27, 2025, to respond. ECF Nos. 28, 29.

6.     Plaintiff requested a Certificate of Default from the Clerk of this Court on November 20, 2025, which was issued on November 24, 2025. ECF Nos. 35–38.

7.     Defendant Triller is a corporation and is not an infant, is not incompetent, and is not a member of the United States military.

8.     Defendant Wing-Fai Ng ("Defendant Ng") was served via email and WhatsApp, pursuant to this Court's order dated December 23, 2025. ECF Nos. 52, 53.

9.     Defendant Ng's Answer to the Complaint, or other responsive pleading, was due on or before January 19, 2026.

10.    Defendant Ng failed to Answer or otherwise respond to the Complaint.

11.    Plaintiff requested a Certificate of Default from the Clerk of this Court on January 26, 2026, which was issued January 28, 2026. ECF Nos. 58–61.

12.    Defendant Ng is not an infant, is not incompetent, and is not a member of the United States military.

13.    On February 20, 2026, Plaintiff moved for Partial Default Judgment on Counts III and IV of the Complaint against Defendants Triller and Ng, supported by the Declarations of Matthew LaGarde and Kevin McGurn and the exhibits referenced therein (the "Declarations").

14.    Contained in the Complaint and the Declarations are well-pleaded allegations supporting Plaintiff's Motion for Partial Default Judgment as to Counts III and IV of the Complaint, Plaintiff's claims against Defendants Triller and Ng under the New Jersey Wage Payment Act Law and the New Jersey Conscientious Employee Protection Act.

15. Defendants Triller and Ng contracted to pay Plaintiff McGurn wages, including but not limited to severance pay, as agreed upon in the Employment Agreement entered into on September 23, 2024 (the "Agreement").

16. Defendants' conduct in failing to pay Plaintiff all wages owed violates the New Jersey Wage Payment Law and has caused Plaintiff harm in the form of lost wages.

17. Unlawful wage denial under the New Jersey Wage Payment Law is subject to liquidated damages of two times the denied wage amount, in addition to the underlying denied wage amount, and Plaintiff is entitled to such relief. N.J.S.A. § 34:11-4.10(c).

18. Plaintiff was an employee of Triller, and both Triller and Mr. Ng were his employers under the meaning of CEPA. N.J.S.A § 34:19-2(a), (b).

19. Plaintiff engaged in whistleblowing conduct protected by CEPA.

20. In retaliation for this conduct, Defendants terminated Plaintiff's employment.

21. The Agreement, the Complaint, and the Declarations support a finding of damages against Defendants as to Count III in an amount to be determined.

22. The Agreement, the Complaint, and the Declarations support a finding of damages against Defendants as to Count IV in an amount to be determined.

23. Defendants are jointly and severally liable to Plaintiff for all damages owed under this Count.

24.    Plaintiff is entitled to his attorneys' fees and costs incurred in conjunction with this action and the underlying dispute.

**THEREFORE**, it is ORDERED, ADJUDGED, and DECREED: that the Court enter judgment against Defendant Triller and Defendant Ng:

i.    For liability as to Count III and Count IV in the Complaint;

ii.    For damages in an amount to be determined;

iii.    For attorneys' fees in an amount to be determined; and

iv.    For costs in an amount to be determined.

Dated:          _____May 29__, 2026
              New York, New York

_____
Hon. Paul A. Engelmayer
United States District Judge

4